a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FAHIM ABDUL SHAIKH, Petitioner | CIVIL ACTION NO. 1:19-CV-292-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHARLES W. JEAN, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 11) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Fahim Abdul Shaikh ("Shaikh") (#075535367). At the time of filing, Shaikh was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Shaikh was being detained at the LaSalle Detention Center in Jena, Louisiana, and challenged his continued detention pending removal.

Because Shaikh has been removed from the United States, the Motion to Dismiss (Doc. 11) should be GRANTED.

I. **Background**

Shaikh is a native and citizen of Pakistan. Shaikh alleges that he was issued a final order of removal on June 14, 2018. (Doc. 1, p. 2). Shaikh claims he has been detained by ICE since he was ordered removed, and there is no significant likelihood of his removal in the reasonably foreseeable future. (Doc. 1).

In its Motion to Dismiss (Doc. 11), the Government claims that Shaikh has been removed.

## II. Law and Analysis

The relief sought by Shaikh was his immediate release from custody. However, Shaikh is no longer in DHS/ICE custody. (Docs. 11-2, 11-3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

Based on the Government's evidence showing that Shaikh has been removed (Doc. 11-3), the § 2241 Petition is moot. See Francis v. Lynch, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal under Zadvydas became moot when petitioner was removed); Odus v. Ashcroft, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404

U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.   Conclusion

Because Shaikh is no longer in DHS/ICE custody, IT IS RECOMMENDED that the Motion to Dismiss (Doc. 11) be GRANTED, and Shaikh's Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Shaikh's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __10th__ day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE